1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   RAFAEL GARCIA FLORES,                          Civil No.    08-1086 BEN (BLM)

12                                Petitioner,
                                                    **ORDER REOPENING CASE AND**
13                     v.                           **SETTING BRIEFING SCHEDULE**

14   MICHAEL SMELOSKY, Warden,

15                                Respondent.

16          On June 18, 2008, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ

17   of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The Court dismissed the action on July 1, 2008,

18   because Petitioner had failed to satisfy the filing fee requirement and had failed to name a proper

19   respondent.  (*See* Order dated July 1, 2008 [doc. no. 2].)  Petitioner was given until August 29,

20   2008 to either pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee and

21   file a First Amended Petition which named the proper Respondent.  On July 14, 2008, Petitioner

22   paid the $5.00 filing fee.  On July 18, 2008, Petitioner filed a document in which he named

23   Michael Smelosky, the current warden of Calipatria State Prison where Petitioner is incarcerated,

24   as Respondent.

25          Based on this Court's review of the Petition, the Court **ORDERS** that this case be

26   reopened.  Further, in accordance with Rule 4 of the rules governing petitions for a writ of

27   / / /

28   / / /

1    habeas corpus pursuant to 28 U.S.C. § 2254, and upon a preliminary review of the Petition, **IT**

2    **IS ORDERED** that:

3        1.    The Clerk of this Court shall promptly (a) serve a copy of the Petition and a copy

4    of this Order on the Attorney General for the State of California, or his authorized agent; and

5    (b) serve a copy of this Order on Petitioner.

6        2.    If Respondent contends the Petition can be decided without the Court's reaching

7    the merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to

8    exhaust any state remedies as to any ground for relief alleged in the Petition, or that the Petition

9    is barred by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of

10   the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that

11   Petitioner is not in custody), Respondent shall file a motion to dismiss pursuant to Rule 4 of the

12   Rules Governing § 2254 Cases no later than **September 12, 2008**.  The motion to dismiss shall

13   not address the merits of Petitioner's claims, but rather shall address <u>all</u> grounds upon which

14   Respondent contends dismissal without reaching the merits of Petitioner's claims is warranted.[1]

15   At the time the motion to dismiss is filed, Respondent shall lodge with the Court all records

16   bearing on Respondent's contention in this regard.  A hearing date is <u>not</u> required for the motion

17   to dismiss.

18       3.    If Respondent files a motion to dismiss, Petitioner shall file his opposition, if any,

19   to the motion no later than **October 14, 2008**.  At the time the opposition is filed, Petitioner shall

20   lodge with the Court any records not lodged by Respondent which Petitioner believes may be

21   relevant to the Court's determination of the motion.

22       4.    Unless the Court orders otherwise, Respondent shall not file a reply to Petitioner's

23   opposition to a motion to dismiss.  If the motion is denied, the Court will afford Respondent

24   adequate time to respond to Petitioner's claims on the merits.

25       5.    If Respondent does not contend that the Petition can be decided without the Court

26   reaching the merits of Petitioner's claims, Respondent shall file and serve an answer to the

27   _____

28       [1]If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for
     relief alleged in the Petition, the motion to dismiss shall also specify the state remedies still available
     to Petitioner.

1  Petition, <u>as well as points and authorities in support of such answer</u>, no later than **September**

2  **29, 2008**.  At the time the answer is filed, Respondent shall lodge with the Court all records

3  bearing on the merits of Petitioner's claims.  The lodgments shall be accompanied by a notice

4  of lodgment which shall be captioned "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas**

5  **Corpus Case — To Be Sent to Clerk's Office**."  Respondent shall not combine separate

6  pleadings, orders or other items into a combined lodgment entry.  Each item shall be numbered

7  separately and sequentially.

8       6.       Petitioner may file a traverse to matters raised in the answer no later than **October**

9  **29, 2008**.  Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each

10  allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive

11  to matters raised in the answer; and (c) shall not raise new grounds for relief that were not

12  asserted in the Petition.  Grounds for relief withheld until the traverse will not be considered.

13  No traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause

14  shown.

15       7.       A request by a party for an extension of time within which to file any of the

16  pleadings required by this Order should be made in advance of the due date of the pleading, and

17  the Court will grant such a request only upon a showing of good cause.  Any such request shall

18  be accompanied by a declaration under penalty of perjury explaining why an extension of time

19  is necessary.

20       8.       Unless otherwise ordered by the Court, this case shall be deemed submitted on the

21  day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

22       9.       Every document delivered to the Court must include a certificate of service

23  attesting that a copy of such document was served on opposing counsel (or on the opposing

24  party, if such party is not represented by counsel).  Any document delivered to the Court without

25  a certificate of service will be returned to the submitting party and disregarded by the Court.

26  / / /

27  / / /

28  / / /

1    10.    Petitioner shall immediately notify the Court and counsel for Respondent of any
2  change of Petitioner's address.  If Petitioner fails to keep the Court informed of where Petitioner
3  may be contacted, this action will be subject to dismissal for failure to prosecute.

4    **IT IS SO ORDERED.**

5

6  DATED:  July 24, 2008

7

8                                          BARBARA L. MAJOR
                                            United States Magistrate Judge
9

10

11

12  COPY TO:

13  HONORABLE ROGER T. BENITEZ
    U.S. DISTRICT JUDGE
14
    ALL COUNSEL
15
    UNREGISTERED PARTIES TO BE SERVED BY U.S. MAIL
16

17

18

19

20

21

22

23

24

25

26

27

28